IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RICK F. WEAVER, JR.,

           Plaintiff,

   v.

BENNETTE NORTON, et al.,

          Defendants.

Case No. 2:16-cv—02311-HZ

ORDER

HERNANDEZ, District Judge.

This prisoner civil rights case comes before the court on Plaintiff's Motion to Amend (#35), Motion for Appointment of Counsel and Expert Witness (#36), and Motion for Emergency Injunctive Relief (#37).

Local Rule 15-1(c) requires a party moving to amend a pleading to attach a copy of the proposed amended pleading as an exhibit to any motion for leave to file the amended pleading.

LR 15-1(d)(1). Because no Amended Complaint accompanies plaintiff's Motion to Amend, the Motion is denied.

Plaintiff's third Motion for Appointment of Counsel is denied for the reasons identified in the court's Order (#7) dated January 31, 2017.

With respect to Plaintiff's request for the appointment of an expert witness on his behalf, while Fed. R. Evid. 706 empowers the court to appoint an expert witness, the facts of this case do not require it. Plaintiff's case is no more complex than many of the prisoner civil rights cases filed in this District. In addition, Rule 706 is not intended as a vehicle by which to provide a particular party with evidentiary testimony at no cost.[1] Instead, Rule 706 is intended to give the court the opportunity to hire experts on an as-needed basis to assist the court in its resolution of a case. The court does not require such an expert at this time.

With respect to Plaintiff's Motion for Emergency Injunctive Relief, pursuant to Fed. R. Civ. 65(a), "[n]o preliminary injunction shall be issued without notice to the adverse party."

---

[1] Indeed, although Plaintiff has been granted *in forma pauperis* status in this case, this status does not allow the court to waive or otherwise provide payment for witness fees and expenses. *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993).

Plaintiff's Motion for Preliminary Injunction includes neither a certificate of service, nor a showing of why notice should not be required in this case. Based upon the lack of a certificate of service, coupled with the lack of any response from Defendants, the court is left to conclude that petitioner failed to serve a copy of his Motion.

Even if Plaintiff had served a copy of his Motion on Defendants, he would not be entitled to preliminary injunctive relief. Plaintiff requests immediate injunctive relief as to issues that do not pertain to the medical claims at issue in the Amended Complaint. As such, he cannot demonstrate any likelihood of success as to claims that are not at issue in this proceeding. *See Winter v. Natural Res. Def. Council, Inc.,* 129 S.Ct. 365, 374 (2008) (a plaintiff seeking preliminary injunction must demonstrate that he is likely to succeed on the merits).

///

///

///

///

///

///

    3 - ORDER

**CONCLUSION**

Plaintiff's Motion to Amend (#35), Motion for Appointment of Counsel and Expert Witness (#36), and Motion for Emergency Injunctive Relief (#37) are denied.

IT IS SO ORDERED.

DATED this 22nd day of December, 2017.

/s/ Marco A. Hernandez
Marco A. Hernandez
United States District Judge